

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**
APR 1 2 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | | |
|---|---|---|
| (1) SUSAN CLARKE, | ) | |
| | ) | |
| Plaintiff, | ) | **18 CV 204 GKF - JFJ** |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| (1) STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A Foreign For Profit Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

The Petitioner, State Farm Mutual Automobile Insurance Company ("State Farm"), Defendant in the above-captioned case, states the following:

1. The above-entitled cause was commenced on March 7, 2018, in the District Court of Tulsa County, entitled *Susan Clarke v. State Farm Mutual Automobile Insurance Company*, Case No. CJ-2018-1034. A copy of Plaintiff's Petition setting forth her claims for relief upon which the action is based is attached hereto and marked Exhibit 1. A copy of the Summons served upon State Farm is attached hereto and marked Exhibit 2. State Farm was served Summons and Petition via service on the Oklahoma Insurance Department on March 27, 2018. (Summons, Exhibit 2).

2. State Farm's principal place of business is in the State of Illinois, and State Farm is incorporated in the State of Illinois. Plaintiff, Susan Clarke, is a resident and citizen of Tulsa County, State of Oklahoma. (Petition, ¶ 1, Exhibit 1). Plaintiff's cause of action is for alleged breach of an automobile insurance policy and alleged breach of the implied duty of good faith and fair dealing. The matter in controversy between Plaintiff and State Farm, according to Plaintiff's demand, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interests and costs.



(Plaintiff's Petition, p. 5).

3. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by State Farm pursuant to 28 U.S.C. § 1441(a).

4. This Notice of Removal is filed in this Court within thirty (30) days after March 27, 2018, the date State Farm was served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claims for relief upon which this action is based. (Summons, Exhibit 2).

5. Copies of all process, pleadings, and Orders served upon Defendant, State Farm, have been attached hereto as Exhibit 1 (Petition), and Exhibit 2 (Summons). Pursuant to LCvR 81.2, a copy of the state court docket sheet is attached as Exhibit 3.

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, prays that this action be removed.

Dated this 12th day of April, 2018.

Respectfully submitted,

ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO
A PROFESSIONAL CORPORATION

_____
John S. Gladd, OBA #12307
J. Andrew Brown, OBA #22504
525 South Main Street, Suite 1500
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorneys for Defendant SFMAIC*

## CERTIFICATE OF MAILING

I hereby certify that on the 12th day of April, 2018, a true and correct copy of the aforementioned document was mailed to the following, with postage prepaid:

Donald E. Smolen, II
Laura L. Hamilton
SMOLEN, SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, OK 74119
*Attorneys for Plaintiff*

S:\Files\416\319\Removal\notice-mac.wpd

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED
MAR -7 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

SUSAN CLARKE, )
)
Plaintiff, )
) Case No.: CJ-2018-01034
v. )
) Honorable Judge:
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, A Foreign For ) Rebecca Brett Nightingale
Profit Corporation, )
)
Defendants. ) ATTORNEY LIEN CLAIMED

### PETITION

COMES NOW the Plaintiff, Susan Clarke, by and through her attorneys of record, and for her cause of action against the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), alleges and states the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Susan Clarke, is, and was at all times relevant hereto, a resident of Tulsa County, Oklahoma.

2. Defendant State Farm is a foreign for profit insurance corporation doing business in Tulsa County, Oklahoma.

3. The accident and injuries that give rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### STATEMENT OF FACTS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around November 18, 2016, a motor vehicle accident involving Plaintiff and third party tortfeasor Kristen Ward occurred when Ward negligently pulled in front of the vehicle in

Page 1 of 5

EXHIBIT
1

which Plaintiff was traveling. Kristen Ward had state minimum insurance coverage at the time of the accident.

7. As a result of negligence of Kristen, Plaintiff has suffered significant personal injuries, medical expenses, and property damages.

8. The vehicle Plaintiff was operating at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UIM") coverage, written by Defendant State Farm.

9. The tortfeasor responsible for Plaintiff's injuries – Kristen Ward – was underinsured for Plaintiff's injuries at the time of this loss and Plaintiff submitted a demand to State Farm for all applicable benefits due under the applicable policy of insurance.

10. Thereafter, Plaintiff cooperated with all of State Farm's requests for additional information.

11. Plaintiff has relied on Defendant State Farm to properly handle her claims and make payment pursuant to the coverage afforded under the applicable policy of insurance. Plaintiff has made due demand on the Defendant for payment of policy benefits and otherwise met all of the conditions precedent for payment under the policy.

12. Defendant State Farm has and continues to unreasonably fail and refuse to pay the Plaintiff the appropriate insurance policy benefits due and owing.

13. As a result, Plaintiff has suffered the loss of benefits and attendant financial hardship and pain and suffering.

## CAUSES OF ACTION

### I.  BREACH OF CONTRACT

14. Paragraphs 1-13 are incorporated herein by reference.

15. Plaintiff had a policy of insurance with Defendant State Farm on the vehicle driven by her at all times relevant hereto with UIM coverage included therein.

16. The accident at issue was caused by a third-party tortfeasor who was underinsured for Plaintiff's injuries.

17. Pursuant to the terms of the applicable insurance policy, this is a factual situation wherein both the UIM coverage contained in said policy applies.

18. Plaintiff has requested Defendant State Farm tender payment under said policy and Defendant has failed and refused to do so. Plaintiff has performed all conditions precedent under the policy.

19. Defendant State Farm has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages which is due and owed.

## II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

20. Paragraphs 1-19 are incorporated herein by reference.

21. Plaintiff was insured under a policy of insurance written by Defendant State Farm providing UIM coverage.

22. Plaintiff requested Defendant State Farm tender any and all applicable benefits under such policy and coverages but Defendant has failed and refused to do so.

23. In its handling of Plaintiff's claims for benefits, and as a matter of routine practice in handling similar claims, Defendant State Farm breached its affirmative duty to deal fairly and in good faith towards the Plaintiff in the following respects:

    a. Failing to pay Plaintiff the benefits she was entitled under the policy of insurance at a time when Defendant knew Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits knowing that Plaintiff's claim for benefits was valid;

    c. Unreasonably delaying payment of benefits without reasonable basis;

    d. Refusing to pay Plaintiff's claims for reasons contrary to the express provisions of the law;

    e. Intentionally and recklessly misapplying provisions of the insurance policy and looking for ways to avoid paying some or all of Plaintiff's claims;

    f. Failing to properly investigate Plaintiff's claims for benefits;

    g. Failing to properly evaluate Plaintiff's claims for benefits;

    h. Failing to adopt and implement reasonable standards for the prompt investigation, evaluation and handling of claims arising under its policies, including Plaintiff's;

    i. Unreasonably delaying Plaintiff's claim and putting the burden of investigation onto Plaintiff and her attorneys; and

    j. Failing to attempt to act in good faith to effectuate a prompt and fair settlement of Plaintiff's claims.

24. As a direct result of Defendant State Farm's breach of contract and breach of its affirmative duty of good faith and fair dealing, Plaintiff has suffered the loss of insurance benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

### III. PUNITIVE DAMAGES

25. Paragraphs 1-24 are incorporated herein by reference.

26. The intentional, wanton and reckless conduct of Defendant in disregard of Plaintiff and others was conducted with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of their actions upon Plaintiff and others.

27. Such actions were not only detrimental to Plaintiff, but to the public in general.

28. Defendant acted intentionally, maliciously, and in reckless disregard of the rights of Plaintiff. As a result, Plaintiff is entitled to recover punitive damages against the Defendant.

WHEREFORE, based on the foregoing, Plaintiff prays that the Court grant her the relief sought, including but not limited to actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), all applicable pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorneys for Plaintiff*

7712

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

SUSAN CLARKE,                          )
                                       )
      Plaintiff,                       )   CJ-2018-01034
                                       )
v.                                     )   Case No.:
                                       )   Honorable Judge:
STATE FARM MUTUAL AUTOMOBILE           )
INSURANCE COMPANY, A Foreign For       )
Profit Corporation,                    )
                                       )
      Defendants.                      )   ATTORNEY LIEN CLAIMED

**ORIGINAL SUMMONS**

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
MAR 27 2018
Legal D......

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this __7__ day of __3__, 2018    DON NEWBERRY, Court Clerk

County Court Clerk

By _____
   Deputy Court Clerk

(Seal)   This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

EXHIBIT 2

| GOVERNOR | | INSURANCE COMMISSIONER |
|---|---|---|
| MARY FALLIN | | JOHN D. DOAK |



### INSURANCE COMMISSIONER
### State of Oklahoma

March   27, 2018

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
ONE STATE FARM PLAZA
BLOOMINGTON    IL   61710


RE:  CJ-18-1034
     In the District Court in TULSA
     State of Oklahoma
     SUSAN CLARKE
            vs
     STATE FARM MUTUAL AUTOMOBILE
     INSURANCE COMPANY

Dear Sir or Madam:

Enclosed is a copy of the above captioned summons
served on the Insurance Commissioner as designated agent
for service of process of foreign insurance companies doing
business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner

Sherry Standerfer                Legal Department


dp/enclosure



CORPORATION SERVICE COMPANY
10300 GREENBRIAR PLACE
OKLAHOMA CITY    OK   73159


# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| SUSAN CLARKE,<br>    Plaintiff,<br>v.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>    Defendant. | No. CJ-2018-1034<br>(Civil relief more than $10,000: OTHER <..DESCRIPTION OF ACTION..>)<br><br>Filed: 03/07/2018<br><br>Judge: Nightingale, Rebecca B. |

## PARTIES

CLARKE, SUSAN, Plaintiff
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant

## ATTORNEYS

**Attorney**
SMOLEN, DONALD E II (Bar #19944)
SMOLEN, SMOLEN & ROYTMAN PLLC
701 S CINCINNATI AVE
TULSA, OK 74119

**Represented Parties**
CLARKE, SUSAN

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

Issue # 1.    Issue: OTHER <..DESCRIPTION OF ACTION..> (OTHER)
              Filed By: CLARKE, SUSAN
              Filed Date: 03/07/2018

    Party Name                                          **Disposition Information**



| | Party Name | Disposition Information |
|---|---|---|
| | **Defendant:** | |
| | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 03-07-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 03-07-2018 | OTHER | OTHER <..DESCRIPTION OF ACTION..> | | | |
| 03-07-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 03-07-2018 | PFE1 | PETITION<br>Document Available (#1039615717) TIFF  PDF | | | $ 163.00 |
| 03-07-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 03-07-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 03-07-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 03-07-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 03-07-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 03-07-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 03-07-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 03-07-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 03-07-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 03-07-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 03-07-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 03-07-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 03-07-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 03-07-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 03-07-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 03-07-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE NIGHTINGALE, REBECCA B. TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 03-07-2018 | ACCOUNT | RECEIPT # 2018-3725480 ON 03/07/2018.<br>PAYOR: SMOLEN SMOLEN TOTAL AMOUNT PAID: $ 242.14.<br>LINE ITEMS:<br>CJ-2018-1034: $173.00 ON AC01 CLERK FEES.<br>CJ-2018-1034: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL.<br>CJ-2018-1034: $1.66 ON AC31 COURT CLERK REVOLVING FUND.<br>CJ-2018-1034: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.<br>CJ-2018-1034: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.<br>CJ-2018-1034: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY.<br>CJ-2018-1034: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS.<br>CJ-2018-1034: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND.<br>CJ-2018-1034: $25.00 ON AC79 OCIS REVOLVING FUND.<br>CJ-2018-1034: $10.00 ON AC81 LENGTHY TRIAL FUND.<br>CJ-2018-1034: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |